IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-160 |
| | ) | |
| WHITE PINE CITY POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss" filed by defendant, White Pine Police Department, [doc. 6]. No response to the motion has been filed. The motion is ripe for the court's consideration. For the reasons stated herein, the motion will be granted, and this case will be dismissed.

*Complaint*

Plaintiff has filed his lawsuit on his own behalf against the White Pine Police Department alleging violation of his constitutional rights based on an incident that occurred on May 18, 2007. He contends that officers from the defendant department entered his apartment without permission or a warrant, an officer had a gun drawn and pointed at his head. Plaintiff alleges that he and his apartment were searched, and after his identification was checked over the radio, no citation or arrest was made. Plaintiff contends that excessive force was used against him.

*Standard of Review*

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D. Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)).

*Analysis*

Defendant has moved to dismiss plaintiff's complaint on the basis that the White Pine Police Department is not an entity capable of being sued. The court agrees. A police department is not a separate legal entity which may be sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting county police department not an entity that can be sued); *Alexander v. Beale St. Blues Co., Inc.*, 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999)("Memphis Police Department does not have the capacity to sue or be sued."); *Jones v. W. Point Police Dept.*, No. 3:06-CV-172-S, 2008 WL 474413, at *2 (W.D. Ky. Feb. 19, 2008) ("Police departments of local governments are not entities which may be sued.").

Thus, this lawsuit against the White Pine Police Department cannot stand.

Accordingly, defendant's motion will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
   United States District Judge